# EXHIBIT B

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| In re ex parte Varian Medical Systems Int'l AG | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Elekta/IMPAC Medical Systems, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: K. Suh c/o Quinn Emanuel Urqhart & Sullivan LLP 50 California Street, Floor 22 San Francisco, CA 94111 | Date and Time: 03/17/2016 1:00 pm |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/25/2016

CLERK OF COURT

OR

_____          /s/ Kenneth Suh
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Varian Medical Systems Int'l AG _____, who issues or requests this subpoena, are:

Kenneth Suh, Quinn Emanuel, et al. 50 California St., FL 22, San Francisco, CA 94111.kennethsuh@quinnemanuel.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## Definitions and Instructions

1. "Elekta" means IMPAC Medical Systems, Inc. and any predecessor, successor, division, subsidiary, parent or related company thereof, whether or not organized under the laws of the United States.

2. "And" and "or" should be interpreted either disjunctively or conjunctively, whichever gives the request a broader scope.

3. "Document" and/or "Thing" has the broadest definition of document under the Federal Rules of Civil Procedure and the cases interpreting those rules, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession, custody or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence.

4. "Communication" and "communications" shall refer to all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, computer mail, e-mail and all other documents evidencing any verbal or nonverbal interaction between persons and entities.

5. "Person" includes both natural persons and legal entities, without limitation, including all predecessors in interest, groups, associations, partnerships, corporations, agencies, or any other legal, business or governmental entity.

7. The words "any," "all," and "each" shall be construed to mean any, all, each, and every.

8. These document requests shall be deemed to seek documents as of the date of service thereof and to the full extent permitted by the Federal Rules of Civil Procedure.

9. All requests for documents and materials are limited to documents and materials that are in your care, custody, or control.

10. All documents must be produced in accordance with the requirements of Federal Rule of Civil Procedure 34.

11. Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

12. Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

13. File folders with tabs or labels or directories of files identifying documents must be produced intact with such documents.

14. Documents attached to each other shall not be separated.

15. If any information requested is claimed to be privileged or otherwise, please provide all information falling within the scope of the Request which is not privileged, and for each item of information contained in a document to which a claim of privilege is made, identify such document with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

    a.    the basis on which the privilege is claimed;

b. the names and positions of the author of the document and all other persons participating in the preparation of the document;

c. the name and position of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed;

d. the date of the document;

e. a description of any accompanying material transmitted with or attached to such document;

f. the number of pages in such document;

g. the particular Request to which such document is responsive; and

h. whether any business or non-legal matter is contained or discussed in such document.

## Requests for Production

**Request No. 1.** All requirement specifications and design specifications for the "Monaco" treatment planning software, versions 2.0 and later

**Request No. 2.** All requirement specifications and design specifications that support Elekta AB, Elekta GmbH, and Elekta Ltd.'s contention in the Statement of Defence that Varian has mischaracterized the relevant features of the Monaco software in *In re: Varian Medical Systems International AG v. Elekta AB, et al., 70 195/15.*